**Saul Marcelo CUZCO, Plaintiff,**

v.

**ORION BUILDERS, INC. and Jan Kvas, Defendants.**

**No. 06 CIV. 2789 SCR.**

United States District Court, S.D. New York.

March 8, 2007.

Daniel Werner, Kingston, NY, for Plaintiff.

Vojtech Bystricky, White Plains, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

## I. Background

### A. Procedural History

Saul Marcelo Cuzco (the "Plaintiff") filed a Complaint against Orion Builders, Inc. and Jan Kvas (the "Defendants") on April

10, 2006, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and Article 19 of the New York State Labor Law and its implementing regulations. On July 25, 2006, Plaintiff filed a motion for leave to proceed as a representative action under the FLSA, for court-authorized notice of the action to potential opt-in plaintiffs, and for disclosure of names and addresses of the potential opt-in plaintiffs. Plaintiff seeks pre-certification of the representative action class of construction and/or carpentry employees who worked for Defendants' construction business during all or parts of the years 2002, 2003, 2004, and 2005.

Defendants did not file their opposition to this motion until September 25, 2006; Plaintiff replied to Defendants' opposition on October 11, 2006. On November 26, 2006, Defendants filed additional materials in support of their opposition to the motion to proceed as a representative action. This Court then granted Plaintiff leave to file an additional reply, which Plaintiff submitted on December 21, 2006. In addition, on November 20, 2006, Plaintiff sought leave to file an Amended Complaint. Oral argument on the motion was held on January 4, 2007. In part because of the delays in fully presenting this motion for this Court's consideration, the parties stipulated that the statute of limitations is tolled for all prospective opt-in plaintiffs from July 25, 2006 until the Court issues a ruling on Plaintiff's motion. Discovery in this matter has been proceeding under the supervision of Chief Magistrate Judge Lisa M. Smith.

For the reasons discussed below, Plaintiff's motion for leave to proceed as a representative action under the FLSA, for court-authorized notice of the action to potential opt-in plaintiffs, and for disclosure of names and addresses of the potential opt-in plaintiffs is granted. Further, Plaintiff is hereby granted leave to amend his Complaint in the manner specified by Plaintiff's counsel in his November 20, 2006 letter.

**B. Facts**

For a substantial period of time between approximately September 1, 2002 through approximately September 1, 2005, Plaintiff performed construction and carpentry work for Defendant Jan Kvas's Dutchess County-based construction business. Upon the incorporation of Defendant Orion Builders, Inc. in 2004, Plaintiff performed his work for both Defendants. According to Plaintiff, though he frequently worked more than 40 hours per week while employed by Defendants, he was never paid overtime at the rate of time-and-one-half for hours worked beyond the 40–hour threshold. Cuzco Decl. at ¶¶ 4–5. In addition, Plaintiff claims that Defendant Kvas required that Plaintiff's first 15 days of labor serve as a "security deposit," and failed to pay Plaintiff for approximately 125 hours of work performed in 2005. Plaintiff stated that "other employees of Defendants did work that was the same or similar" to the work that he did, that these employees were also never paid overtime wages, and that these employees were also required to provide their first 15 days of labor as a "security deposit." Cuzco Decl. at ¶ 8.

**II. Discussion**

**A. FLSA representative action**

**i. Legal standards**

■ Among other things, the FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce. *See Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 197 (S.D.N.Y.2006). FLSA protections are available "only to persons classified as 'employees,'" *McGuiggan v. CPC Int'l, Inc.,* 84 F.Supp.2d 470,

478 (S.D.N.Y.2000), a term defined in relevant part in the statute as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).[1] The statute affords workers such as the Plaintiff a right to sue on behalf of themselves and "others employees similarly situated" for violations of the minimum wage and overtime provisions of the FLSA. *See* 29 U.S.C. § 216(b). Potential plaintiffs in an FLSA collective action are required to "opt in" to the suit in order to benefit from the judgment.[2] *Id.* ("no employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). Further, unlike class certification under Fed. R.Civ.P. 23, "no showing of numerosity, typicality, commonality and representativeness need be made" for certification of a representative action. *See Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005).

 Courts typically undertake a two-stage review in determining whether a suit may proceed as a collective action under the FLSA. As a first step the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally · certified; potential class members are then notified and given an opportunity to opt-in to the action.[3] *See*

*Masson v. Ecolab, Inc.*, 04 Civ. 4488(MBM), 2005 WL 2000133, *13, 2005 U.S. Dist. LEXIS 18022, *38 (S.D.N.Y. Aug. 18, 2005). The second step of the certification analysis occurs upon completion of discovery. A court, often prompted by a motion for decertification by the defendant, will examine all evidence then in the record to determine whether there is a sufficient basis to conclude that the proposed class members are similarly situated. *Id.* at, 2005 WL 2000133, **13–14, 2005 U.S. Dist. LEXIS 18022,*39–40. At that point, "if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims." *Lee*, 236 F.R.D. at 197.

 Plaintiff's motion here seeks only a first-step certification, and even though discovery is underway, it would be inappropriate at this time to attempt to make more than the first-step certification decision. *See Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819(GEL), 2006 WL 2853971, *4, 2006 U.S. Dist. LEXIS 73090, at *12–13 (S.D.N.Y. Oct. 5, 2006). At this initial stage, a representative plaintiff has only a minimal burden to show that he is similarly situated to the potential class.[4] *See*

---

1. It should be noted that the Supreme Court has held that the FLSA "defines the verb 'employ' expansively," and thus "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir.1988)

2. In contrast, in a class action suit brought under Fed.R.Civ.P. 23, individuals are considered members of a class until they affirmatively "opt out" of the class proceeding.

3. Some courts rely exclusively on pleadings and affidavits for this first-stage analysis, because this review is often completed before the beginning of discovery. Since discovery is ongoing here and both parties have submitted evidence gathered in discovery in support of their positions, this Court will consider the additional information in making the first-step determination.

4. Part of the reason that the standard is so lenient at this point is that the "similarly situated" finding can be revisited at the second stage of the certification process. *See Realite v. Ark Rests.*, 7 F.Supp.2d 303, 308.

*Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91, 96 (S.D.N.Y.2003); *Young,* 229 F.R.D. at 55. This inquiry is less stringent than the second-stage review that supplies the final determination on certification of the representative action. *See Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y.1995). A plaintiff can satisfy its initial burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997). It is not necessary for a court to evaluate the merits of a plaintiff's claims in order to determine that a group of similarly situated persons exists. *Id.* at 262.

### ii. Parties' arguments

■ Plaintiff maintains that the evidence set forth in the Complaint, in Cuzco's supporting declaration, and in subsequent submissions based on material gathered in the initial stages of discovery is sufficient to meet the minimal burden required at this stage of FLSA collective action certification.

Defendants, meanwhile, argue that Plaintiff has not made even a modest factual showing that a representative action is appropriate here, and alternatively suggest that Plaintiff's motion should fail because Cuzco is the only named Plaintiff and does not provide any indication of how many potential opt-in plaintiffs might be eligible to join the suit. Further, Defendants maintain that this case should not proceed as a representative action without a determination that Plaintiff is an "employee" within the meaning of the FLSA who is actually entitled to the protections of that statute. Defendants also contend that it was a "fatal defect" for Plaintiff's counsel to submit a signed declaration from Cuzco in English, given that Cuzco only speaks and reads Spanish. In Defendants' view, the accompanying Declaration of Translation by Geovanny Triviño, in which Triviño states that he provided Cuzco with a true and accurate Spanish translation of the English language declaration, is not sufficient to cure this defect, because Plaintiff failed to provide an actual copy of this purported translation.

### iii. Analysis

If this Court had nothing more to consider than Plaintiff's Complaint and Cuzco's declaration, those documents may not have provided sufficient basis for this case to proceed as a representative action, even under the lenient standards associated with first-stage certification analysis. Neither the Complaint nor Cuzco's declaration provide more than the uncorroborated statements of the single named Plaintiff to support the claim that there are other workers who were similarly situated to the Plaintiff for the purposes of an FLSA suit. However, because discovery is underway in this matter, there is other evidence in the record—some provided by Plaintiff, and some even provided by Defendants—to bolster the argument that there is a group of individuals similarly situated to Cuzco. Accordingly, Plaintiff's motion for leave to proceed as an FLSA representative action is granted.

Several statements in the supplemental declarations filed by Defendants in late November, when taken in conjunction with all other documents submitted in support of this motion, bolster Plaintiff's argument that there are other similarly situated workers who should be eligible to join this lawsuit. Kvas indicated that a total of 67 experienced carpenters worked for him between December 2002 and June 2005. Kvas Supp. Decl. at ¶ 2. According to Kvas, these carpenters were required to own certain tools in order to work for him; this assertion is analogous to Kvas's state-

ment about Cuzco in Kvas's original declaration ("we bought our own tools—hammers, power saws, working clothes, etc."). *See* Kvas Supp. Decl. at ¶ 3; Kvas Decl. at ¶ 5. At the very least, Kvas described a group of workers who were subject to some of the same workplace requirements and parameters as Cuzco.

Defendants also submitted the declaration of Zaza Khvedelidze, a foreman in Kvas's construction operation, which was intended to demonstrate that Kvas's workers were in fact independent contractors rather than employees. Khvedelidze, a skilled carpenter, declared that "the relationship between Mr. Kvas, myself and other framing carpenters that were contracted to work for Mr. Kvas, the tools and working conditions were generally the same." Khvedelidze Decl. at ¶ 8. After describing various aspects of his work for Defendants, including his working hours and pay rate, Khvedelidze reiterated that "myself (as a carpenter) and all other workers who worked for Mr. Kvas worked under almost identical conditions. Among the workers, on several projects were for example Mr. Saul Marcelo Cuzco and his brother Mr. Marco Cuzco." Khvedelidze Decl. at ¶ 18. Regardless of the point he was attempting to illustrate, Khvedelidze stated clearly that those carpenters who worked for Defendants were subject to "almost identical conditions" as Plaintiff, including in aspects of employment that are the subject of this suit.

These declarations, taken together with the allegations in the Complaint and Cuzco's declaration, are sufficient for this Court to conclude that Plaintiff has made a sufficient factual showing that there are other individuals similarly situated to Plaintiff. Accordingly, this suit shall be allowed to proceed as a representative action under the FLSA. Contrary to Defendants' assertions, Plaintiff is not required to indicate specifically how many potential opt-in plaintiffs may join the suit, nor must an FLSA plaintiff join with other potential plaintiffs at the time a suit is filed in order for a representative action to be pre-certified. The single named Plaintiff here has met his burden by successfully demonstrating that there are other workers who are similarly situated to him, and that is enough for this matter to move forward as a representative action.

■ Plaintiff correctly argues that this Court need not, at this stage, reach the issue of whether or not Cuzco and other potential opt-in plaintiffs were "employees" within the meaning of the FLSA. Such an issue goes to the merits of this litigation, and could properly be addressed in a motion for summary judgment at the conclusion of discovery. At that time, the parties will have all of the necessary and relevant information to allow for a complete and thorough argument of that particular question of law and fact. Though Plaintiff must, of course, ultimately prove that Cuzco and others were employees and not independent contractors, that inquiry need not be answered in deciding this motion.

Finally, the fact that Plaintiff did not submit a Spanish language translation of Cuzco's declaration, and instead submitted a separate declaration indicating that the document had been translated, in no way affects the merits of whether this suit should proceed as a representative action. Defendants' counsel provides no basis—other than mere speculation—to suspect that Cuzco did not understand his declaration what he was signing or that Plaintiff's counsel acted improperly with respect to Cuzco's declaration. This Court finds no reason why these documents should prevent this matter from proceeding as a representative action.

## B. Notice to potential opt-in plaintiffs

### i. Legal standards and analysis

 It is well established that district courts may authorize the sending of notice to potential opt-in plaintiffs in appropriate cases where a collective action has been brought under § 216(b) of the FLSA. *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (examining the propriety of court-supervised notice under § 216(b) in the context of a collective action brought pursuant to the Age Discrimination in Employment Act (ADEA), which expressly incorporates by reference the remedies and enforcement provisions of FLSA § 216(b)); *Braunstein v. Eastern Photographic Labs., Inc.,* 600 F.2d 335, 336 (2d Cir.1978) (court-authorized notice in an appropriate case "comports with the broad remedial purpose of the [FLSA], . . . as well as with the interest of the courts in avoiding multiplicity of suits"). In order for the intended benefits of the collective action—including allowing plaintiffs to pool resources and enabling courts to efficiently resolve multiple similar claims in one proceeding—to accrue, employees must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *See Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482.

 Plaintiff submitted a clear and concise proposed Notice and Consent to Become Party Plaintiff form that fairly and adequately sets forth the rights, responsibilities, and obligations for potential opt-in plaintiffs. Given that this Court has held that Plaintiff may proceed with a representative action, this Court hereby authorizes Plaintiff, subject to the modifications detailed below, to send notice to all construction or carpentry workers who were employed at or by either or both Defendants during part or all of the years 2002, 2003, 2004, and/or 2005, and who, therefore, might be potential plaintiffs in this suit. The decision to allow notice to be sent to these individuals is in no way to be construed as a determination that those being notified are, in fact, similarly situated to Plaintiff, nor is it a determination regarding the legal rights and responsibilities of the parties. *See Gjurovich,* 282 F.Supp.2d at 96.

Plaintiff has proposed sending the Notice and Consent to Become Party Plaintiff form in English and Spanish; Defendants suggest that the Court also order that the form be prepared in Czech, Georgian, Polish, Slovak, and Ukranian. *See* Kvas Supp. Decl. at ¶ 4 (stating that the "mother tongues" of the 67 carpenters who worked for him are those languages). Based on letters submitted by the parties to this Court at this Court's request, Plaintiff is directed to prepare the Notice and Consent form in both English and Spanish for distribution to potential opt-in plaintiffs.

Plaintiff has proposed an opt-in period of nine months, because many of the prospective opt-in plaintiffs are transient immigrant day laborers. *See Roebuck v. Hudson Valley Farms,* 239 F.Supp.2d 234, 240–41 (N.D.N.Y.2002) (granting a nine-month opt-in period). Defendant has not specifically opposed this request. In light of the potential difficulty involved in contacting many of the prospective opt-in plaintiffs, and given this Court's interest in seeing that every potential plaintiff be given appropriate opportunity to join this suit, the opt-in period for this action will end no later than nine months after the date on which the Notice and Consent to Become Party Plaintiff form is first mailed.

### ii. Modifications to proposed notice form

Defendants ask that the Court allow time for the parties to confer and agree upon the language for the Notice and Consent to Become Party Plaintiff form. Given that Defendants have not submitted a proposed form, and given that any negotiations between these parties could be acrimonious and time consuming, this Court approves Plaintiff's proposed Notice and Consent to Become Party Plaintiff form, which was filed as part of the Declaration of Daniel Werner in support of Plaintiff's instant motion.

### C. Names and last known addresses of potential opt-in plaintiffs

 Plaintiff also requests that this Court direct Defendants to provide names and last known addresses of the potential opt-in plaintiffs in order to facilitate the dissemination of the proposed Notice and Consent to Become Party Plaintiff form. Such discovery has been permitted in other cases where it was relevant to the subject matter of the action, and where there were no other grounds to limit that discovery under the facts and circumstances of that suit. *See Hoffmann–La Roche*, 493 U.S. at 170, 110 S.Ct. 482 (1989); *Realite*, 7 F.Supp.2d, at 309–10.

Defendants believe they should not be required to turn over names and addresses of potential opt-in plaintiffs because, in Defendants' estimation, many of these individuals were working illegally in this country, and would be concerned about their own welfare if they were approached by either party to this lawsuit. This Court finds that Defendants' concern is unfounded—there is no reason whatsoever to suspect that a communication from counsel by itself would pose any threat to any potential opt-in plaintiff in this action. Individuals may make their own decisions about whether or not to participate in this law-suit, for whatever reasons; facilitating notice to these potential plaintiffs gives these workers an appropriate opportunity to make their own choices concerning these alleged violations of their legal protections. Accordingly, Defendants are hereby ordered to provide to Plaintiff with the names and last known addresses of all potential opt-in plaintiffs—that is, all construction or carpentry workers who were employed at or by either or both Defendants during part or all of the years 2002, 2003, 2004, and/or 2005. Defendants' counsel shall submit this information to Plaintiff's counsel no later than three weeks after the date on which this Decision and Order is signed.

### D. Plaintiff's request to amend the Complaint

Plaintiff's counsel submitted a letter to this Court on November 20, 2006 requesting leave to amend the Complaint in this action. Plaintiff proposed five material changes: (1) adding "Orion Carpentry" as a d/b/a for Defendants Orion Builders, Inc. and Jan Kvas; (2) setting forth additional facts supporting Plaintiff's allegation that Defendants are alter egos of each other; (3) expanding the geographic area where Defendants conducted business; (4) converting the New York Labor Law claims from individual claims to class claims pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3); and (5) adding an allegation that Defendants did not display required labor law posters. Defendants declined to consent to Plaintiff's proposed amendments. After reviewing Plaintiff's request and considering Defendants' objection, this Court hereby grants Plaintiff leave to amend his Complaint in the manner specified in the November 20, 2006 letter.

### III. Conclusion

For the reasons discussed above, Plaintiff's motion to proceed as an FLSA repre-

sentative action is GRANTED. This Court also authorizes Plaintiff to send its proposed Notice and Consent to Become Party Plaintiff form, in English and Spanish, to the class of construction and/or carpentry employees who worked for Defendants' construction business during all or parts of the years 2002, 2003, 2004, and 2005. Plaintiff is ordered to send the approved form to all potential opt-in plaintiffs no later than five weeks after the date on which this Decision and Order is signed. As detailed above, potential opt-in plaintiffs will have nine months to opt-in to the action, beginning on the date that the Notice and Consent to Become Party Plaintiff form is first mailed. In addition, Defendants are hereby ordered to produce to Plaintiff no later than three weeks after the date on which this Decision and Order is signed the names and last known addresses of all construction and/or carpentry employees who worked for Defendants' construction business during all or parts of the years 2002, 2003, 2004, and 2005. In addition, Plaintiff's request for leave to amend his Complaint is GRANTED.

This Decision and Order hereby resolves the motion listed as number 12 on the docket sheet for this matter.

IT IS SO ORDERED.